UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TALMADGE GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-10 CEJ |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On December 15, 2016, a prisoner civil rights complaint was filed by Southeast Correctional Center inmates Damon Johnson, Vincent Sargent, James Mitchell, Talmadge Graham and Daryl Davis. *Johnson v. Long*, No.1:16-CV-293 SNLJ (E.D.Mo.). After determining that the plaintiffs were improperly joined, the Court struck four of the plaintiffs from the complaint and directed the clerk of court to open new cases for them. *Id.* at Doc. No. 7. Thus, the joint complaint was filed as an original complaint in each of the separate actions. *See Sargent v. Long*, No. 1:17-CV-0012 NAB (E.D.Mo.); *Davis v. Long*, No. 1:17-CV-0011 SPM (E.D.Mo.); *Graham v. Long*, No. 1:17-CV-0010 CEJ (E.D.Mo.); *Mitchell v. Long*, 1:17-CV-0009 NCC (E.D.Mo.).

The Court has reviewed the complaint filed in this matter on behalf of plaintiff Talmadge Graham and finds that it is defective for the following reasons. The complaint contains multiple claims by multiple plaintiffs who are no longer a party to the instant lawsuit. Additionally, plaintiff has named multiple individuals as defendants in this action, but he has failed to make any allegations against them in his complaint. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the

alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

The Court believes that the defects in the complaint can be cured by amendment. Therefore, plaintiff will be given a reasonable amount of time to file an amended complaint on a court-provided form.[1] In the amended complaint, plaintiff must allege facts that support the claims that **his** constitutional rights have been violated—he may not assert violations of the rights of other inmates. Also, plaintiff must allege the conduct or actions giving rise to the claimed constitutional violations by each defendant he is suing. As to each defendant, plaintiff must specifically state whether the defendant is being sued in his/her individual capacity or official capacity.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings. So plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will not consider any complaint filed before the amended complaint. *Id*. If plaintiff fails to file an amended complaint in compliance with the Court's instructions, this action will be dismissed without prejudice and without further notice. . If the case is dismissed for non-compliance with this Court's directives, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

---

[1] Local Rule 2.06(A) allows the Court to require plaintiff to file his complaint on a court-provided form.

Finally, in order to proceed in this lawsuit, plaintiff must submit a certified copy of his prison trust account statement for the six-month period before the filing of the complaint. If he fails to do so, the lawsuit will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have thirty (30) days from the date of this Order to submit an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a blank prisoner civil rights complaint form to plaintiff along with a copy of this Order.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this Order, plaintiff must submit a copy of his prison trust account statement for the six-month period before the filing of the complaint.

Dated this 1st day of February, 2017.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE